LINKS: 48

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3990 GAF (SSx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | Gracious Ark Church et al v. United States of America et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**         (In Chambers)

<u>**ORDER RE: MOTION FOR ATTORNEY'S FEES**</u>

**I.
INTRODUCTION**

   This action stemmed from the denial of the permanent residence applications of Plaintiff Kil Hyun Kim ("Kim" or "Plaintiff") and his family. Kim, a religious worker, sought permanent special immigrant religious worker status as an Assistant Pastor for The Gracious Ark Church ("TGAC" or "Plaintiff TGAC"). When the application for permanent residence status was first presented, the United States Citizenship and Immigration Service ("USCIS") denied the application. Kim sought relief from the denial in a lawsuit filed in district court against the United States of America and various United States officers in their official capacities (collectively "the United States")[1].

   Thereafter, the USCIS Administrative Appeals Office ("AAO")[2] vacated and reopened the previous final decision regarding Kim's applications. Because the agency action was no longer final, the United States moved to dismiss the district court action as moot. The Parties

---

   [1] Specifically, Plaintiffs are suing Jeh Johnson,Secretary of the Department of Homeland Security ("DHS") [automatically substituted for Janet Napolitano]; Alejandro Mayorkas, Director of the United States Citizenship and Immigration Services ("USCIS"); Donna Campagnolo, Acting Director of the USCIS California Service Center; Eric Holder, Attorney General of the United States; and Ron Rosenberg, Acting Chief of the USCIS Administrative Appeals Office.

   [2] In the morass of legislation and agencies dealing with immigration, the "USCIS has jurisdiction to adjudicate an application for adjustment of status filed by any alien," with some exceptions. 8 C.F.R. § 245.2(a)(1). The USCIS is an agency within DHS.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3990 GAF (SSx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | Gracious Ark Church et al v. United States of America et al | | |

submitted a Joint Status Report ("JSR") in which Plaintiffs indicated they did not intend to oppose the motion, and that the only issue that would remain for determination is an application for attorney's fees. (Docket No. 43 [Joint Status Report (""JSR")].) The Court granted the Motion to Dismiss for mootness. (Docket No. 44 [2/20/14 Order].)

The AAO denied Kim's application again, this time on a new ground. On Kim's request, the AAO again reconsidered and ultimately granted Kim's application. Now, Plaintiffs have brought this motion to recover attorney's fees under portions of the Equal Access to Justice Act ("EAJA"). (Docket No. 48 [Motion for Attorney's Fees ("Mem.")].)

Because the AAO's decision was voluntarily vacated and ultimately granted without any Court imprimatur, Kim is not a "prevailing party" and cannot be awarded attorney's fees. The Court sets forth its reasoning in detail below. Accordingly, Plaintiffs' Motion for Attorney's Fees is **DENIED**.

**II.
BACKGROUND**

Kim, Kim's wife, and their first child are citizens of South Korea. (Docket No. 14, [First Am. Compl. ("FAC")] ¶¶ 8-10.) Kim's other child is a citizen of the United States. (Id. ¶ 11.) Kim arrived in the United States on March 18, 2004 as a "B-2" non-immigrant visitor. (Docket No. 27, [Certified Administrative Record ("CRA")] at 1 [AAO Decision] at 3.) From April 2006 until August 2009, Kim, who was in R-1 non-immigrant religious worker status, served as an associate pastor at the Wyclif Presbyterian Church. (Id.; FAC ¶ 18.) A few months after Kim's R-1 status expired, TGAC sought Kim as its Assistant Pastor and began the permanent resident application process. (Id.; FAC ¶ 18.)

The permanent resident application process for religious ministers involves a two step process. (Id. ¶ 19.)[3] First, the sponsoring religious organization files a Form I-360 on behalf of the minister. (Id.) Second, the minister and his family must file Forms I-485 to adjust their resident status. (Id.) The approval of the Form I-485 is contingent upon the approval of the Form I-360. (Docket No. 32, [Defendants' Mot. for Summary Judgment ("D-Mem. MSJ")] at 4.) Kim's Form I-485 is premised upon TGAC's Form I-360; Kim's wife and Kim's first child's Forms I-485 are both derivative of Kim's Form I-485 (i.e. applications would fail if Kim's did). (See CRA at 69-71.)

---

[3] This process was detailed in Ruiz-Diaz v. United States, 618 F.3d 1055, 1058 (9th Cir. 2010).

LINKS: 48

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3990 GAF (SSx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | Gracious Ark Church et al v. United States of America et al | | |

On August 27, 2009, TGAC and the Kim Family filed their respective applications for adjustment of status. (Id. ¶ 23.) The application for adjustment of status was denied by the USCIS on May 3, 2010 because "the evidence [was] insufficient to establish that [Kim] has been performing full-time work as Pastor for at least the two-year period immediately preceding the filing of the petition in lawful immigration status" in violation of 8 C.F.R. §§ 204.5(m)(4) and (11). (See CRA at 66-68 [USCIS Decision]; FAC ¶ 25.) Plaintiffs appealed the decision to the AAO, which was denied on April 2, 2012 for the same reason as the USCIS Decision. (AAO Decision at 1-6; FAC ¶ 31.) On the basis of that denial, Plaintiffs brought this suit. However, on March 29, 2013, nearly a year after this suit was filed–and while briefing for the Cross-Motions for Summary Judgment was ongoing–the AAO sua sponte vacated and reopened its previously final decision on the Form I-360, on which the denial of all the other Forms was based. (D-Mem. MSJ at Ex. 1 [03/29/13 Letter].)

In light of the AAO's sua sponte actions, instead of dismissing the action, because "judicial review was properly sought in the first instance, and . . . litigation [had] proceeded to the summary judgment stage, dismissing the case could, at the very least, foster inefficiency," the Court chose to stay "this action pending a final agency decision." (See Docket No. 35 [5/15/13 Order] at 10.) Additionally, the Court expressly "decline[d] to interject itself into the administrative process and dictate what the AAO should consider in reevaluating the applications." (Id. at 10-11, n. 8)

When the AAO reopened Kim's application, it noted new grounds precluding approval of Kim's application and invited Kim to submit additional evidence, which he did. (See Mem. Ex. 4, at 2.) The new evidence satisfied all but one of the newly identified grounds, and thus Kim's application was again denied. (Id. at 8.) Kim then filed a motion to reconsider with the AAO.[4] The USCIS then "determined that [Kim] had overcome all grounds of denial and approved [TGAC's] petition." (Docket No. 52 [Opposition to Mot. for Attorney's Fees ("Opp.")] at 3.)

The United States subsequently moved to dismiss this action as moot. (Docket No. 42 [Mot. to Dismiss].) The Parties filed a JSR, wherein Plaintiffs indicated they did not intend to oppose the United States Motion to Dismiss for mootness. (JSR at 2.) The JSR also noted that Plaintiffs would seek attorney's fees after dismissal. (Id.) The Court granted the Motion to Dismiss for mootness, noting "that the only issue that . . . remain[ed] for determination [was] an

---

[4] Kim contends he urged the AAO to reevaluate already submitted evidence (Docket No. 53 [Reply Mot. for Attorney's Fees ("Reply")] at 3-4) while the United States contends new evidence was submitted on which USCIS granted Kim's petition (Opp. at 3). Whether such evidence was new or not is irrelevant to the discussion at hand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3990 GAF (SSx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | Gracious Ark Church et al v. United States of America et al | | |

application for attorney's fees." (2/20/14 Order.) Plaintiffs now bring this motion seeking to recover attorneys fees.

## III.
## DISCUSSION

**A. STANDARD OF REVIEW**

   **1. PREVAILING PARTY REQUIREMENT FOR ATTORNEY'S FEES AWARD UNDER EAJA**

Kim seeks award of attorney's fees under two provisions of the EAJA: under 28 U.S.C. § 2412(b) ("Section 2412(b)") and 28 U.S.C. § 2412(d) ("Section 2412(d)"). Section 2412(b) provides:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), **to the prevailing party** in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. 2412(b) (emphasis added). Section 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award **to a prevailing party** other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. 2412(d)(1)(A) (emphasis added). Thus, a party must be a "prevailing party" for the Court to be able to award attorney's fees under either provision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3990 GAF (SSx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | Gracious Ark Church et al v. United States of America et al | | |

**2. DEFINITION OF A "PREVAILING PARTY"**

"[T]he term 'prevailing party,' [is] a legal term of art." Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Resources 532 U.S. 598, 603 (2001). Courts apply the definition of "prevailing party" found in Black's Law Dictionary: "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded <in certain cases, the court will award attorney's fees to the prevailing party>.—Also termed successful party." See Buckhannon 532 U.S. at 603 (applying the Black's Law Dictionary 1145 (7th ed. 1999) definition). In Buckhannon, "[t]he Supreme Court provided two "examples" of forms of relief that justify a fee award: enforceable judgments on the merits and settlement agreements enforced through a consent decree. [Buckhannon, 532 U.S. at 604-05]. While [the Ninth Circuit] ha[s] identified additional situations in which a plaintiff can qualify as a prevailing party, see, e.g., [citation] (legally enforceable settlement agreement between the plaintiff and defendant); [citation] (preliminary injunction as sole form of relief, we never have undermined the Court's basic requirement that "some relief" be granted." Citizens for Better Forestry v. U.S. Dep't of Agric. 567 F.3d 1128, 1132 (9th Cir. 2009) (citations omitted).

**B. APPLICATION**

**1. NO JUDICIAL IMPRIMATUR WAS INVOLVED IN THE AAO GRANTING KIM'S APPLICATION**

*a. The Court Did Not Remand the Case or Retain Jurisdiction While the AAO Reconsidered Kim's Application*

Kim first contends that this Court's "decision to stay proceedings and remand jurisdiction to the agency to produce a new final decision was a judicial order which materially altered the legal relationship of the parties . . . ." (Mem. at 6.) If Kim had accurately summarized the Court's previous May 15, 2013 Order, Kim's argument might have some merit. That is not the case. Kim has grossly mischaracterized the thrust of the order, which did ***not*** remand jurisdiction of the case to the AAO for determination, but rather stayed this case because the Court had lost jurisdiction over the matter because the AAO sua sponte vacated its previous final decision regarding Kim's applications. (See 5/15/13 Order at 9-10 ("The situation here is . . . : a ripe action has become unripe during the pendency of litigation.").)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3990 GAF (SSx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | Gracious Ark Church et al v. United States of America et al | | |

Kim points to the Court's requirement that the Parties provide intermittent status reports as implicating that the Court retained jurisdiction. (Mem. at 7.) However, requiring status reports does nothing more than keep the Court informed of the progress at the agency level and ensure that the case, when decided at the agency level, would receive appropriate treatment in the district court. This interpretation is borne out by the Court granting the United States' Motion to Dismiss for mootness after the AAO granted Kim's application. (See 2/20/14 Order.)

### b. *The United States' Authorization of Employment During the AAO's Determination Was Voluntary and Not at the Court's Request*

Kim also contends that "the fact that [the United States] w[as] forced to provide employment authorization during the period while they rendered a new decision supports a finding of prevailing party status pursuant to [Buckhannon] . . . because [the United States] w[as] not previously required to provide such ancillary benefits." (Mem. at 6.) Again, Kim has mischaracterized the state of affairs. The United States was not "forced" to provide such authorization. The Court never issued an order or even suggested that the United States provide such authorization. That the United States voluntarily provided such authorization cannot be evidence of the Court's control or guidance.

### c. *Ultimately Achieving All Relief Sought Does Not Transform Kim Into a Prevailing Party*

Relying on language from Buckhannon and its progeny, Li v. Keisler, 505 F.3d 913, 917-18 (9th Cir. 2007), Kim contends that he is a prevailing party "'regardless of whether the federal court's order addressed the merits of the underlying case'" because the action "advanced [Kim's] goals and constituted material alterations of the parties' legal relationships." (Docket No. 53 [Reply Mot. for Attorney's Fees ("Reply")] at 2 (quoting in part, Buckhannon, 523 U.S. at 604-05 and Li 505 F.3d at 917-18).) Kim is correct that the Supreme Court in Buckhannon explained a "'material alteration of the legal relationship of the parties' [is] necessary to permit an award of attorney's fees" as a prevailing party. Buckhannon 532 U.S. at 604 (quoting, in part, Texas State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782, 792-93 (1989)). However, Buckhannon also clearly states that the term "prevailing party" does not "include[] a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3990 GAF (SSx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | Gracious Ark Church et al v. United States of America et al | | |

the defendant's conduct." Id. at 600.[5]  This is precisely the case here.  While Kim may have ultimately achieved his application being granted, the Court played no role in it being granted.

As no judicial imprimatur was involved in the AAO's granting of Kim's application, Kim is not a "prevailing party" and thus cannot be awarded attorney's fees.

**IV.**

**CONCLUSION**

Kim is not a prevailing party and cannot be awarded attorney's fees.  Accordingly, Plaintiffs' Motion for Attorney's Fees is **DENIED**.  The hearing presently scheduled for October 20, 2014 is hereby **VACATED**.

**IT IS SO ORDERED.**

---

[5] For example, in Li, the case on which Kim relies, the court found that Li was a prevailing party because "Li's opening brief sought a reopened removal proceeding . . . . [and the court's] order remanded proceedings" to the agency.  Li 505 F.3d at 918.  This is in stark contrast with the case at hand in which no remand occurred.